**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JOHN DOE #1, JOHN DOE #2,**
and **JOHN DOE #3**

         **Plaintiffs,**             **Case No. 06-12369**

**vs.**                             **HONORABLE DENISE PAGE HOOD**

**DEARBORN PUBLIC SCHOOLS,** a
Michigan municipal corporation, and
**GAIL LYNN SHENKMAN,** an individual,
Jointly and severally

         **Defendants.**

_____/

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Protective Order Pursuant to Fed.
R. Civ. P. 26(c) to Proceed Pseudonymously filed on June 13, 2006.  Defendants filed a Response
to Plaintiffs' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) to Proceed
Pseudonymously on June 28, 2006.  Plaintiffs filed a Reply to Defendants' Response to Motion for
Protective Order Pursuant to Fed. R. Civ. P. 26(c) to Proceed Pseudonymously on July 7, 2006.

In their Complaint, Plaintiff John Doe #1, John Doe #2, John Doe #3 [hereinafter
"Plaintiffs"] allege five counts against Defendants Dearborn Public Schools and Gail Lynn
Shenkman [hereinafter "Defendants"].  They are: (1) Violation of MCL § 750.539d; (2) Invasion

of Privacy; (3) Intentional Infliction of Emotional Distress; (4) Violation of 42 U.S.C. § 1983; and (5) Gross Negligence.

In their Motion, Plaintiffs ask that this Court allow them each to proceed with all aspects of litigation under the "John Doe" pseudonym.  For the reasons stated herein, this Court DENIES Plaintiff's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) to Proceed Pseudonymously.

## II.  STATEMENT OF FACTS

### Background

Plaintiffs are male physical education teachers employed by Dearborn Public Schools at Dearborn High School.  Plaintiffs brought the instant matter after a student discovered the presence of a hidden video camera within the staff office which was located inside, but separated from, the male locker room at the high school.  Plaintiffs allege and assume that the video cameras were operational and/or recorded their movement and activities that occurred within the staff office.

## III.  STANDARD OR REVIEW

Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings.  *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.  *Id*. (citing *Doe v. Stegall*, 653 F.2d 180, 185-186 (5th Cir. 1981)).

## IV.  APPLICABLE LAW & ANALYSIS

There is no dispute by the parties that Plaintiffs meet the first criteria, a challenge to governmental activity.

The Plaintiffs argue that the instant matter will require Plaintiffs to disclose information of the "utmost intimacy" regarding the private activities that occur in the boys' locker room and the male staff locker room.  Plaintiffs contend that they stand to suffer significant embarrassment and humiliation in prosecuting this matter by the disclosure of the facts in this case in light of their role as physical education teachers.  The Defendants assert that no videotapes were ever made and the cameras were not properly wired to a device that could record or capture any images.  The Defendants argue that no images were ever recorded or viewed by anyone.  The Defendants also indicate that they will produce a notarized affidavit verifying these facts should Plaintiffs request it.  There are no issues that have been raised to indicate that the instant matter compels Plaintiffs to disclose an intention to violate the law.  None of the Plaintiffs are minor children.

The facts in the instant matter are not analogous to *Doe v. Porter*[1], 370 F.3d 558 (6th Cir. 2004). The Plaintiffs have not specifically identified how they would be embarrassed or humiliated by the facts in the lawsuit that they have initiated.  The Court agrees with the Defendants that if there are any videotapes, which Defendants deny, that the videotapes can be placed under protective order.

---

[1] Parents and non-profit organization brought 42 U.S.C. § 1983 Establishment Clause action seeking to enjoin the school board's practice of permitting the teaching of the Christian Bible as religious truth in public schools.  The district court granted the plaintiff's motion for summary judgment, and the school board appealed. The Sixth Circuit held that: (1) the district court did not abuse its discretion by granting a protective order allowing the parents and their minor children to litigate pseudonymously; (2) parents had standing to bring action; (3) non-profit organization had standing to bring action; and (4) religious instruction in public school classes constituted an unconstitutional establishment of religion.

The Plaintiff's privacy concerns do not appear to outweigh the presumption of open judicial proceedings.

## V.  CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) to Proceed Pseudonymously **[Docket No. 2, filed June 13, 2006]** is DENIED.

Dated: August 30, 2006                          ___/s/ DENISE PAGE HOOD_____
Detroit, Michigan                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2006, by electronic and/or ordinary mail.

                                        S/William F. Lewis_____
                                        Case Manager

4